# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNETTA JONES, #24640-076, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 3:18-cv-02053-SMY |
| TOM WERLICH, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Johnetta Jones, a federal inmate currently incarcerated at FCI Greenville, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 to challenge the validity of her sentence. Specifically, Jones contends the 120-month statutory mandatory minimum sentence she received pursuant to 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) is unlawful because it was based on drug quantities attributable to the conspiracy, instead of a jury finding of drug quantities attributable to her individually.

This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus cases.

## Background

On June 26, 2012, following a jury trial, Jones was found guilty of conspiracy to possess

with intent to distribute more than five kilograms of cocaine and conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1), and two counts of possession of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *U.S. v. Jones*, 558 Fed.Appx. 557 (6th Cir. 2014); *USA v. Johnetta Jones*, Case No. 2:11CR20118-17-SHM (W.D.Tenn. June 26, 2012). Under Sections 841(a)(1) and 841(b)(1)(A), the statutory mandatory minimum sentence for drug quantities of more than five kilograms of cocaine and more than 1,000 kilograms of marijuana is not less than ten years. On January 17, 2013, the United States District Court for the Western District of Tennessee sentenced her to 120 months, based in part on the jury's findings as to the drug quantities involved in the conspiracy. *Id.*

Jones filed a direct appeal to the Sixth Circuit Court of Appeals maintaining her innocence and challenging the sufficiency of evidence linking her to the conspiracy and establishing the drug quantities. *U.S. v. Jones*, 558 Fed.Appx. 557 (6th Cir. 2014). She also asserted ineffective assistance of counsel and challenged the government's reliance on her alleged confession. *Id.* The Sixth Circuit rejected her arguments and affirmed her conviction and sentence. *Id.* Jones has not filed a motion pursuant to 28 U.S.C. § 2255.

## Legal Standards

A prisoner who has been convicted in federal court is generally limited to challenging her conviction and sentence to bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced her. See, *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Under very limited circumstances, a prisoner may employ 28 U.S.C. § 2241 to challenge her conviction and sentence. More specifically, § 2255 (e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the

legality of [her] detention." "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in [her] conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). In order to trigger the savings clause, a petitioner must meet three conditions: (1) she must show that she relies on a new statutory interpretation case rather than a constitutional case; (2) she must show that she relies on a decision that she could not have invoked in her first § 2255 motion *and* that applies retroactively; and (3) she must demonstrate that there has been a "fundamental defect" in her conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## Discussion

Jones claims legal error in her sentence because the calculation of the statutory mandatory minimum sentence was based on drug quantities attributed to the conspiracy, and not attributed to her individually. She also alleges error because there was no jury finding of the drug quantities attributable to her. Jones argues that under *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013),[1] the jury is required to make the finding as to the drug quantities attributable to an individual defendant for the determination of the applicable mandatory minimum sentence. In *Alleyne*, the Supreme Court held, "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." *Alleyne*, 133 S.Ct. at 2155.

Jones contends that her claim falls within the "savings clause" of Section 2255(e) and may be brought under Section 2241. Her claim, however, does not meet the *Davenport* conditions. First, *Alleyne* is a constitutional case, not a statutory interpretation case. See, *Simpson v. U.S.*, 721

---

[1] *Alleyne* was decided after Petitioner was sentenced but during the time of Petitioner's direct appeal.

3

F.3d 875, 876 (7th Cir. 2013). Thus, Jones' Petition fails on the first *Davenport* condition. *See Poe v. Lariva*, 834 F.3d 770, 773 (7th Cir. 2016). Further, the Petition fails the second *Davenport* condition because the decision in *Alleyne* is not retroactive. See, *Poe v. Lariva*, 834 F.3d 770, 773 (7th Cir. 2016) (citing *Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015).

Finally, Jones fails to explain how a § 2255 proceeding would be "inadequate and ineffective." In fact, she is challenging the validity of her sentence, which points to § 2255 as the proper avenue for relief. As such, her claims could have been brought in her direct appeal or in a § 2255 proceeding.

For the foregoing reasons, § 2241 is not the proper vehicle for review of Petitioner's sentence, and the Petition will be dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, she may file a notice of appeal with this Court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, she will be required to pay a portion of the $505.00 appellate filing fee in order to pursue her appeal (the amount to be determined based on her prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not

necessary for Petitioner to obtain a certificate of appealability in an appeal from this petition brought under Section 2241.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  March 14, 2019**

**s/ Staci M. Yandle**  
**Staci M. Yandle**  
**United States District Judge**